**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DATA CARRIERS, LLC,**  <br><br>   **Plaintiff,** <br><br> **v.** <br><br> **MARATHON PETROLEUM CORPORATION,** <br><br>   **Defendant.** | **CIVIL ACTION NO. 2:15-cv-112** <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Data Carriers, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant Marathon Petroleum Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. 5,388,198 ("the '198 patent") entitled "Proactive Presentation Of Automating Features To A Computer User". A true and correct copy of the '198 Patent is attached hereto as Exhibit A. Plaintiff is the owner by assignment of the '198 patent. Plaintiff seeks monetary damages.

### PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 719 W Front Street Suite 174, Tyler, Texas 75702.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 539 South Main Street, Findlay, Ohio 45840. Defendant can be served with process through its registered agent CT Corporation System at 1300 East Ninth Street, Cleveland, Ohio 44114.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the infringing products and services as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the Defendants' products and/or services in the State of Texas and in the Eastern District of Texas.

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

### COUNT I – PATENT INFRINGEMENT

8.      Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9.      The '198 patent was duly and legally issued by the United States Patent and Trademark Office on February 7, 1995 after full and fair examination.  Plaintiff is the owner by assignment of the '198 patent and possesses all rights of recovery under the '198 patent, including the exclusive right to sue for infringement and recover past damages.

10.     Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '198 patent.  The '198 patent provides, among other things, "A method for proactively automating an operation of an application program on a general purpose computer comprising an input device, a central processing unit, a display device and memory means, said memory means including a plurality of feature templates, feature presentation and implementation routines, by automatically intervening in a user's manipulations of the input device to present automating features, said method comprising the steps of: (1) continuously monitoring for the user's manipulations of the input device; (2) continuously monitoring a context of an application program in which the input device is manipulated by the user; (3) comparing the monitored user's manipulations of the input device and state of the application program to input information in the plurality of feature templates stored in memory and corresponding to existing features provided by the application program, to identify a result desired by the user; and (4) presenting an automating feature corresponding to a feature template on the display device that achieves a result having greater generality or persistence than the identified desired result if said

step of comparing produces a match between the input information of the feature template and the monitored device manipulations and application program state."

11. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '198 patent in this district and elsewhere in the United States. Particularly, Defendant on its website http://www.marathonpetroleum.com/, made, used, provided, offered for sale, and/or sold products and services that automatically intervene in the use of a computer system to suggest or present features based on information on the use of the system, including but not limited to autocomplete features of certain electronic devices, including smartphones, and software loaded onto and used on such devices. Such products and services continuously monitor and compare user manipulations and program context with feature templates stored in memory, and present automating features if a match is found. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '198 patent pursuant to 35 U.S.C. § 271.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '198 Patent complied with all marking requirements under 35 U.S.C. § 287.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '198 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. Any further relief that this Court deems just and proper.

Dated: February 2, 2015

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:   (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF**
**DATA CARRIERS, LLC**