**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DATA CARRIERS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARATHON PETROLEUM CORPORATION,**<br><br>**Defendant.** | **Case No. 2:15-cv-112**<br><br>**PATENT CASE**<br>**JURY TRIAL DEMANDED** |

**DEFENDANT MARATHON PETROLEUM CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Marathon Petroleum Corporation ("Marathon") files this Answer and Counterclaims to Plaintiff Data Carriers, LLC's ("Plaintiff") First Amended Complaint ("Complaint"). Marathon denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**NATURE OF THE ACTION**

1. Marathon admits that the Complaint purports to set forth a claim for patent infringement. Marathon further admits that a purported copy of U.S. Patent No. 5,388,198 (the "'198 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Proactive Presentation Of Automating Features To A Computer User." Marathon lacks knowledge sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '198 Patent,

or whether Plaintiff is the owner by assignment of the ’198 Patent. Marathon admits that Plaintiff purports to seek monetary damages, but denies that Plaintiff is entitled to any relief from Marathon. Marathon otherwise denies the remaining allegations of paragraph 1 of the Complaint.

**PARTIES**

2. Marathon is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Marathon admits it is a Delaware corporation with a principal place of business at 539 S. Main St., Findlay, OH 45840. Marathon otherwise denies the remaining allegations of paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Marathon admits that the Complaint purports to set forth a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Marathon otherwise denies the remaining allegations of paragraph 4 of the Complaint.

5. Marathon denies that this Court has personal jurisdiction over Marathon and reserves the right to contest personal jurisdiction. Marathon otherwise denies the remaining allegations of paragraph 5 of the Complaint.

6. Marathon denies the allegations of paragraph 6 of the Complaint.

7. Marathon denies the allegations of paragraph 7 of the Complaint.

**COUNT I – PATENT INFRINGEMENT**

8. Marathon incorporates by reference the answers to paragraphs 1-7 above.

9. Marathon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. Marathon denies the allegations in paragraph 10 of the Complaint.

11. Marathon denies the allegations in paragraph 11 of the Complaint.

12. Marathon denies the allegations in paragraph 12 of the Complaint.

13. Marathon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14. Marathon denies the allegations in Paragraph 14 of the Complaint.

**JURY DEMAND**

15. Plaintiff's request for a trial by jury does not require a response from Marathon.

**PRAYER FOR [ALLEGED] RELIEF**

16. Marathon denies that Plaintiff is entitled to any relief from Marathon and denies all of the allegations contained in Plaintiff's Prayer for Relief.

17. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Marathon denies them.

## AFFIRMATIVE DEFENSES

Marathon's Affirmative Defenses are listed below. Marathon reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

18. Marathon does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '198 Patent.

## SECOND DEFENSE

19. Each asserted claim of the '198 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

20. To the extent that Plaintiff and alleged predecessors in interest to the '198 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Marathon's actions allegedly infringed the '198 Patent, Marathon is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '198 Patent.

**FOURTH DEFENSE**

21. To the extent that Plaintiff asserts that Marathon indirectly infringes, either by contributory infringement or inducement of infringement, Marathon is not liable to Plaintiff for the acts alleged to have been performed before Marathon knew that its actions would cause indirect infringement.

**FIFTH DEFENSE**

22. Plaintiff's attempted enforcement of the '198 Patent against Marathon is barred by laches and/or estoppel.

**SIXTH DEFENSE**

23. The claims of the '198 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Marathon.

**SEVENTH DEFENSE**

24. Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**EIGHTH DEFENSE**

25. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '198 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

**NINTH DEFENSE**

26. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**TENTH DEFENSE**

27. Plaintiff's Complaint should be dismissed because this Court lacks personal jurisdiction over Marathon.

**COUNTERCLAIMS**

**PARTIES**

1. Counterclaim Plaintiff Marathon Petroleum Corporation ("Marathon") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Findlay, OH.

2. Upon information and belief based solely on Paragraph 1 of the Compliant as pled by Plaintiff, Counterclaim Defendant Data Carriers, LLC ("Data Carriers") is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 719 W Front Street Suite 174, Tyler, Texas 75702.

**JURISDICTION**

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq*,, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Based solely on Plaintiff's filing of its Complaint, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Data Carriers' filing of this action and Marathon's First Defense, an actual controversy has arisen and now exists between the parties as to whether Marathon infringes the '198 Patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Marathon requests a declaration by the Court that it does not infringe any claim of the '198 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

7. Based on Data Carriers' filing of this action and Marathon's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '198 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., and 35 U.S.C. § 100 *et seq*., Marathon requests a declaration by the Court that the claims of the '198 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Marathon asks this Court to enter judgment in Marathon's favor and against Data Carriers by granting the following relief:

a) a declaration that the asserted claims of the '198 Patent are invalid;

b) a declaration that Marathon does not infringe, under any theory, any valid claim of the '198 Patent that may be enforceable;

c) a declaration that Data Carriers take nothing by its Complaint;

d) judgment against Data Carriers and in favor of Marathon;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Marathon of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

**JURY DEMAND**

Marathon hereby demands trial by jury on all issues.

Dated: April 27, 2015

Respectfully submitted,

By: */s/ Neil J. McNabnay*

Neil J. McNabnay
Texas Bar No. 24002583
njm@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
Theresa M. Dawson
Texas Bar No. 24065128
tdawson@fr.com

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**COUNSEL FOR DEFENDANT**
**MARATHON PETROLEUM CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 27, 2015, to all counsel of record via e-mail.

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla